# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
HEIDI THEIS,                            *
                                        *    No. 17-820V
              Petitioner,               *    Special Master Christian J. Moran
                                        *
v.                                      *    Filed: July 20, 2022
                                        *
SECRETARY OF HEALTH                     *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
* * * * * * * * * * * * * * * * * * * * *
```

Amber D. Wilson, Wilson Science Law, Washington, DC, for Petitioner;
Lynn C. Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Heidi Thies' motion for final attorneys' fees and costs. She is awarded **$114,538.82**.

\* \* \*

On June 19, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 24, 2014,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer a left shoulder injury, which was subsequently diagnosed as chronic regional pain syndrome. In order to resolve the issue of petitioner's diagnosis, the undersigned ordered expert reports targeted to that issue – petitioner submitted a report from Dr. Enrique Aradillas while respondent submitted a report from Dr. Robert Fujinami. Thereafter, the parties started settlement negotiations and on July 13, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on July 20, 2021. 2021 WL 3638034.

On September 10, 2021, petitioner filed a motion for final attorneys' fees and costs for work Ms. Wilson performed in seeking a reopening of the judgment. ("Fees App."). Petitioner requests a total of $115,584.52, broken down as follows: $22,618.80 in attorneys' fees and $185.10 in costs incurred by petitioner's current law firm, and $83,637.10 in attorneys' fees and $9,143.52 in costs incurred by petitioner's former law firm, Maglio Christopher and Toale, PA. Fees App. at 1-2.[2] Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. at 2. On September 13, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner filed a reply on September 13, 2021, reiterating her belief that the requested fees and costs are reasonable.

\* \* \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

---

[2] Petitioner's motion requests a total of $115,769.62. This amount is based upon attorneys' fees of $22,803.90 for petitioner's current law firm. Fees App. at 1. However, this amount represents the total amount requested for petitioner's current firm, inclusive of costs. Based upon the submitted billing records, the correct amount of attorneys' fees is $22,618.80. Id. Ex. 1 at 8. Thus, the correct total requested is $115,584.52.

reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was performed in the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Amber Wilson: $323.00 per hour for work performed in 2019, $345.00 per hour for work performed in 2020, and $378.00 per hour for work performed in 2021; and for Mr. FJ Caldwell, $356.00 per hour for work performed in 2016, $367.00 per hour for work performed in 2017, $385.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. See, e.g., Raymer v. Sec'y of Health & Human Servs., No. 17-590V, 2020 WL 3619511 (Fed. Cl. Spec. Mstr. Jun. 12, 2020). However, the billing records indicate that Mr. Caldwell billed 8.4 hours in 2019 at $404.00 per hour instead of his established rate. The undersigned will compensate Mr. Caldwell at $400.00 per hour for these hours, resulting in a reduction of $33.60.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to duplicative billed paralegal time. As an example, paralegals frequently billed for review of simple court filings which were already reviewed and billed for by the managing attorney, rendering such time redundant. Additionally, paralegals billed for filing documents (stylized as "review and finalize" a given document when time had already been billed by another individual, typically Ms. Wilson, on its drafting), an administrative task which should not be billed for. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Finally, the undersigned has noticed some instances of paralegals billing excessive time to review routine court filings.

While each of these events is small when viewed in isolation, the undersigned has noticed multiple occasions of each issue throughout the totality of the billing records. Accordingly, the undersigned shall reduce the attorneys' fees attributable to Maglio Christopher and Toale, PA by $1,012.10 to offset these issues.

Petitioner is therefore awarded final attorneys' fees of $105,395.30 (comprised of $22,803.90 to petitioner's current law firm and $82,591.40 to petitioner's former law firm).

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $9,328.62 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs for counsel to meet with petitioner, and work performed by Dr. Aradillas.

Dr. Aradillas billed 10.5 hours at $600.00 per hour for review of medical records and preparation of an expert report. Dr. Aradillas is board-certified in neurology and psychiatry and serves as the director of the Neuropathic Pain Center at Vincera Institute in Philadelphia, Pennsylvania. Ms. Wilson provided a multi-page filing attached to the fees motion supporting Dr. Aradillas' hourly rate by addressing the factors set forth in Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201 (2009). Fees App. at 147-54. Respondent also has not interposed any argument or evidence against the requested hourly rate. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.")  Accordingly, the amount requested for Dr. Aradillas' work is reasonable.

The remainder of the costs requested are typical of Vaccine Program litigation and upon review appear reasonable and supported with the necessary documentation to be fully reimbursed.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$22,803.90** (representing $22,618.80 in attorneys' fees and $185.10 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her current counsel, Ms. Amber Wilson; and

2) A total of **$91,734.92** (representing $82,591.40 in attorneys' fees and $9,143.52 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her former law firm, Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master